Citation Nr: 1829725 
Decision Date: 07/18/18 Archive Date: 07/24/18

DOCKET NO. 12-11 793 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho


THE ISSUES

1. Entitlement to service connection for a low back disorder, to include as secondary to service-connected disabilities.

2. Entitlement to an initial compensable rating for migraine headaches. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

S. Morrad, Associate Counsel




INTRODUCTION

The Veteran had active service from September 1997 to March 1999.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran was scheduled for a video conference hearing on September 18, 2013. He did not appear for this hearing, and in an August 2013 statement, the Veteran withdrew his request for a Board hearing. As such, the Board finds the Veteran withdrew his request for a hearing. 

These claims were previously remanded by the Board for additional development in a November 2016 Board decision. 

The issue of entitlement to service connection for a low back disorder, to include as secondary to service-connected disabilities is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

On August 2, 2017, prior to the promulgation of a decision in the appeal, the Board received written notification from the Veteran indicating his intent to withdraw his appeal of the issue of entitlement to an initial compensable rating for migraine headaches. 


CONCLUSION OF LAW

The criteria for withdrawal of an appeal on the issue of entitlement to an initial compensable rating for migraine headaches are met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017). 
REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105(d)(5). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his authorized representative. Id. In an August 2017 statement, the Veteran submitted a written request expressing his intent to withdraw his claim for an increased rating for service-connected migraine headaches from appellate consideration. The Board points that the Veteran's representative acknowledged the Veteran's withdrawal request in its April 2018 brief to support the Veteran's claim. Moreover, the Board acknowledges that the Veteran's representative instructed the Board to "seek clarification regarding the Veteran's intention" to withdraw his claim. However, the Board finds that the Veteran's August 2017 statement to withdraw his claim for an increased rating for service-connected migraine headaches was clear and unequivocal. Hence, there remain no allegations of errors of fact or law with respect to the issue of entitlement to an increased rating for service-connected migraine headaches. Accordingly, the Board does not have jurisdiction to review the instant appeal, and it is therefore dismissed.


ORDER

The appeal as to the issue of entitlement to service connection cancer of the left flank is dismissed. 


REMAND

The Veteran alleges service connection for a low back disorder, to include as secondary to service-connected disabilities. Pursuant to the remand directives in a November 206 Board decision, the Veteran was afforded a VA examination to determine the nature and etiology of back pain, to include as secondary to service-connected disabilities. While the January 2017 VA examiner provided an opinion regarding secondary service connection, the examiner did not provide an opinion as to whether a causal relationship exists between the Veteran's current disability and the alleged injury in service. As such, an addendum opinion is requested to fully address all avenues of service connection applicable to the Veteran's appeal.

Moreover, the Board notes that additional evidence pertinent to the Veteran's claim was received after the AOJ's last adjudication of the Veteran's claim. See January 2017 supplemental statement of the case (SSOC); see also medical records from Idaho Pain Group.
 
The Board notified the Veteran in May 2018 that outstanding evidence was not previously considered in the AOJ's last adjudication of the claim. In that May 2018 correspondence, the Board requested a waiver of AOJ consideration of additional evidence and provided the Veteran a 45-day time period to respond to the correspondence. Additionally, the Board acknowledges that the Veteran, through his representative, specifically requested notice of evidence not previously reflected in the statement of the case and requested a reasonable opportunity to respond to the evidence. See April 2018 appellate brief. 

Because the medical evidence, received January 2017, discuss findings related to the etiology of the Veteran's low back pain, and because the Veteran has not yet responded to the request for a waiver, the Board finds that a remand is appropriate for the AOJ to review the additional pertinent evidence and issue a SSOC.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements with the January 2017 VA examiner, or another appropriate clinician if the January 2017 VA examiner is not available, to provide a supplemental medical opinion in this case. 

The examiner should provide an opinion as to whether it is at least as likely as not (50 percent greater probability) that the Veteran's low back disorder was caused by his service.

If the examiner finds that the Veteran's low back disorder was not caused service, the examiner should provide a complete rationale as to why. 

The examiner need only physically examine the Veteran if a physical examination is necessary to render an adequate opinion. Any and all diagnostic testing which the VA examiner deems necessary should be scheduled and performed.

2. After considering the relevant evidence received after the January 2017 SSOC, the AOJ should readjudicate the claim for entitlement to service connection for a low back disorder. The AOJ is free to conduct any additional development deemed necessary. 

3. If the benefit sought on appeal remains denied, issue the Veteran a SSOC as to the issue of entitlement to service connection for a low back disorder and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs